BISSELL, Circuit Judge.
 

 These appeals
 
 [1]
 
 challenge the Claims Court, Kozinski, C.J., decision that tapes of The New Bill Cosby Show and The Jokers’ Wild qualify for investment tax credit (ITC or credit) under the Internal Revenue Code, 26 U.S.C. § 48(k) (1982), and that the categorical exclusion of variety shows and game shows as “qualified” films contained in Treasury Regulations § 1.48—8(a)(3)(iii) (1979), is invalid.
 
 Cosby v. United States,
 
 8 Cl.Ct. 428 (1985). We affirm.
 

 In addition to the Claims Court decision permitting the ITC for the Cosby Show and The Joker’s Wild program, other courts in lengthy and well-reasoned opinions have construed section 48(k) as permitting ITC for another game show, films concerning a sporting event, recordings of rock musical performances, and another variety show and have held the regulation invalid to the extent of its categorical exclusion of the
 
 *1000
 
 shows at issue.
 
 Apis Productions, Inc. v. Commissioner,
 
 86 T.C. 69 (1986) (held variety show exclusion in Treas.Reg. § 1.48-8(a)(3)(iii) (1979) invalid);
 
 Goodson-Todman Enterprises, Ltd. v. Commissioner,
 
 84 T.C. 255 (1985) (game show—To Tell The Truth),
 
 aff'd and modified,
 
 784 F.2d 66 (2d Cir. 1985) (game show exclusion in Treas. Reg. § 1.48—8(a) (3)(iii) (1979) invalid);
 
 Budget Films, Inc. v. Commissioner,
 
 85 T.C. 114 (1985) (film footage of bullfights and Beatles’ concerts were eligible for the ITC).
 

 The above cited decisions provide exhaustive analysis concerning the invalidity of the regulations at issue in this case. Consequently, we see little necessity for further exposition and affirm on the basis of the Claims Court opinion.
 

 AFFIRMED.
 

 [1]
 

 . These appeals were not consolidated. Appel-lees in this court, plaintiffs in the Claims Court, are represented by separate counsel and ad-vanee different theories on statutory interpretation. Nevertheless, because the issues presented are closely analagous issues, and the cases were heard in the Claims Court and argued on appeal in tandem, we issue one opinion incorporating our decision in each case.